**Jamie Trinkle**, OSB #192463
jtrinkle@oregonlawcenter.org
**Carly Cripps**, OSB #223860
ccripps@oregonlawcenter.org
**Edward Johnson**, OSB #965737
ejohnson@oregonlawcenter.org
**OREGON LAW CENTER**
230 NE Second Ave., Suite F
Hillsboro, OR 97124
Tel: (503) 640-4115
Fax: (503) 640-9634

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PATSY JAY,**<br><br>                                          Petitioner,<br><br>v.<br><br>**GRAND MANAGEMENT SERVICES, INC., EVERGREEN GARDENS LIMITED PARTNERSHIP, JERRY MASCOLO, LEONDRA COLEMAN,** *and* **DAWN COCKRUM,**<br><br>                                          Defendants. | Case No.: 3:23-cv-656<br><br>**COMPLAINT**<br><br>(Federal Fair Housing Act and Negligence)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff Patsy Jay is a tenant of a property owned by Defendant Evergreen Gardens Limited Partnership and operated by Defendant Grand Management. Individual defendants are or were employees of Grand Management. In 2021, Ms. Jay was sexually assaulted by a tenant of

1 – COMPLAINT

another unit, John McKnight. Grand Management, Mr. McKnight's landlord and former employer, was aware of complaints against John McKnight by other tenants prior to his assault of Ms. Jay. After Ms. Jay got a restraining order against McKnight, Grand Management issued lease violation and termination notices against Ms. Jay as a form of sex discrimination, disability discrimination and in retaliation against her for asserting her legal rights.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1343(a)(3), as plaintiff's claims arise under the laws of the United States, and 42 U.S.C §3601 et seq., as plaintiff's claims involve discriminatory housing practices. The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. §1367, because such claims are so related to plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. This action is expressly authorized under the Fair Housing Act, 42 U.S.C. §3601 et seq.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this lawsuit occurred in this District.

## PARTIES

5. Plaintiff Patsy Jay ("Ms. Jay") is a United States citizen and resident of Oregon. Ms. Jay began residing at Evergreen Garden Apartments, at 3810 12th Street, Tillamook, Oregon, Tillamook County ("the premises"), in Unit #8B, on or around February 12, 2019. Ms. Jay is female.

6. Defendant Grand Management Services, Inc. ("Grand Management") is and was at all relevant times the management company in charge of the operation of the premises.

7. Defendant Evergreen Gardens Limited Partnership is and was at all relevant times the owner of the premises.

8. Defendant Jerry Mascolo ("Mr. Mascolo") is and was at all relevant times an employee of Grand Management. His title is Portfolio Manager.

9. Defendant Leondra Coleman ("Ms. Coleman") was at relevant times an employee of Grand Management and worked as an on-site property manager.

10. Defendant Dawn Cockrum ("Ms. Cockrum") was at relevant times an employee of Grand Management and worked as a compliance specialist.

## FACTUAL ALLEGATIONS

11. The Evergreen Garden Apartments are dwellings subject to the Federal Fair Housing Act. Defendants are in the business of renting housing as defined under the Federal Fair Housing Act.

12. Ms. Jay began renting a unit at Evergreen Garden Apartments from Defendant Grand Management in or around 2001. She began renting her current unit, #8B, on or around February 12, 2019 and has lived there up to the present day.

13. Ms. Jay is a woman and a person with disabilities as defined by the Federal Fair Housing Act at 42 U.S.C. §3602(h) in that her disabilities substantially limit one or more of her major life activities.

14. Ms. Jay has a number of health conditions including osteoarthritis in her spine and joints. At all times relevant to this complaint, Ms. Jay relied on a wheelchair and a walker for support.

15. At all relevant times, Defendants and their agents were aware of Ms. Jay's obviously visible disabilities.

16. On or about July 12, 2021, Ms. Jay was sexually assaulted in her apartment by the tenant of Unit #11A, John McKnight. Mr. McKnight, without consent, exposed his penis to Ms. Jay and put his genitals near her face. While Ms. Jay was seated in her wheelchair, Mr. McKnight pulled

her hair and attempted to force his penis in her mouth. His penis did not make contact with Ms. Jay. Ms. Jay saw that Mr. McKnight was wearing a handgun on his belt at the time of the assault.

17. Ms. Jay told another tenant about the assault. That tenant reported the assault to the Tillamook Police Department. During the police response on July 12, 2021, Ms. Jay informed Defendant Grand Management's employee, Leondra Coleman, of the assault. Ms. Coleman was the on-site property manager at Evergreen Garden Apartments.

18. At the time of Ms. Jay's assault, Defendants were aware of at least two prior similar incidents of sexual assault and intimidating behavior by John McKnight against female tenants at the premises.

19. In response to Ms. Jay's assault, Leondra Coleman changed Ms. Jay's locks.

20. On or about July 15, 2021, Mr. McKnight stood outside Ms. Jay's unit and made hand gestures at Ms. Jay that imitated shooting.

21. On July 16, 2021, Ms. Jay exercised her Fair Housing and other legal rights by obtaining a restraining order against Mr. McKnight based on his sexual assault and intimidation of her.

22. On multiple occasions between July 15, 2021 and August 31, 2021, Mr. McKnight stood at a distance in front of Ms. Jay's window and made threatening hand gestures imitating the use of firearms and beating. Ms. Jay was aware that Mr. McKnight possessed firearms and feared for her life.

23. Ms. Jay reported Mr. McKnight's behavior to Ms. Coleman on multiple occasions between July 12, 2021 and August 31, 2021.

24. Ms. Jay also reported Mr. McKnight's threatening gestures to Defendant Grand Management's employee Jerry Mascolo. Mr. Mascolo is the Portfolio Manager of Grand Management.

OREGON LAW CENTER
230 NE 2nd Ave. Suite F
Hillsboro, Oregon 97214
Ph: 503-640-4115/Fax: 503-640-9634

25. Defendant Grand Management created a hostile living environment for Ms. Jay by permitting her to be harassed and intimidated based on her sex and by failing to take prompt remedial action reasonably calculated to end the harassment after they knew or should have known about the harassment.

26. According to the rental agreement, lawn chairs are permitted on porches and in yards while upholstered chairs and other alternative seats are prohibited. Defendant Grand Management's general practice is not to enforce this policy.

27. Ms. Jay prefers to keep her walker on her porch because she uses this device to stabilize herself and avoid falling from the porch while tending to her plants. Because Ms. Jay's mobility condition and use of a wheelchair make it difficult to transport large objects, keeping this walker on the porch rather than bringing it outside and then removing it is more convenient in light of her disability.

28. Just one month after Ms. Jay had reported the incident with Mr. McKnight, on August 20, 2021, Ms. Coleman, on behalf of Defendant Grand Management, issued Ms. Jay a termination notice with a 14-day right to cure. As the bases for the termination, the notice alleged that Ms. Jay had a walker on her front patio; followed Mr. McKnight with her phone and threatened to call the police on him in the community room; invaded other tenants' privacy by watching them with binoculars; and, that her caregiver had demanded management act based on the restraining order and respond to Ms. Jay's complaints of harassment by Mr. McKnight.

29. Ms. Jay moved her walker from the porch to the gravel area beneath her window on August 20, 2021, but was told by Ms. Coleman that she was required to remove it entirely from the yard and porch. Ms. Jay made a verbal request to Ms. Coleman for a reasonable accommodation to keep her walker on her porch due to her disability. Ms. Coleman denied Ms. Jay's reasonable accommodation request.

30. On or about August 27, 2021, Ms. Jay faxed a letter disputing the termination notice to Grand Management's Coos Bay headquarters. In this letter, Ms. Jay notified Grand Management that their ignoring of her restraining order against Mr. McKnight and giving Ms. Jay a termination notice was discrimination because of her sex and disability.

31. Grand Management did not respond to Ms. Jay's letter.

32. In August 2021, Mr. Mascolo called Ms. Jay with a warning against inappropriate behavior and accused Ms. Jay of pounding on the door of Ms. Coleman's private residence as well as occupying a significant amount of her office time.

33. On September 1, 2021, Defendant Ms. Cockrum on behalf of Grand Management sent Ms. Jay a pre-eviction warning/courtesy letter alleging that Ms. Jay's caregiver had followed Ms. Coleman while using offensive language. In the letter, Grand Management stated they had the right to evict Ms. Jay because she had not cured the violations alleged in the August 20, 2021, termination notice but were providing Ms. Jay one more opportunity to cure before filing an eviction.

34. Following the assault, Ms. Jay was afraid to leave her apartment alone and felt extremely depressed, scared, and unsafe.

35. Ms. Jay filed a HUD complaint against Defendants on or about August 30, 2022.

36. On or about March 28, 2023, Grand Management issued a "Notice of Lease Violation Warning Notice" to Ms. Jay for "Incomplete recertification paperwork" because Ms. Jay had not provided information on her life insurance policy to Grand Management.

37. On or about March 21, 2023, Ms. Jay had offered to provide her life insurance policy to Grand Management during her recertification interview and Grand Management employee Sharon Elrod ("Ms. Elrod") told Ms. Jay this information was not needed from Ms. Jay.

38. Before filing her HUD complaint, during her two decades as a tenant at the premises, Ms. Jay had never received a Notice of Lease Violation Warning Notice for failure to provide all paperwork needed for recertification.

39. Defendants have a duty to operate their affairs in a manner free from unlawful discrimination. Specifically, Defendant Grand Management has a duty to hire, train, supervise and discipline their employees in a fashion that assures compliance with state and federal laws.

40. Defendant Grand Management was negligent in their hiring, supervision and training of Ms. Smith, Mr. Mascolo, Ms. Coleman, Ms. Cockrum and Ms. Elrod. All Defendants were negligent with regard to either the lack of policies regarding sexual harassment at Grand Management, or their failure to follow such policies. Defendants violated their duty of care as managers, employers and as residential property owners.

41. Defendants' unlawful conduct caused Ms. Jay to suffer loss and injury, mental anguish, humiliation, embarrassment, insult, indignation, fear, anxiety, nightmares, flashbacks, and nervousness for which she should be compensated at trial.

42. Defendants' unlawful conduct was malicious and willful and created a hostile and abusive living environment for Ms. Jay. The injury was severe, humiliating and at times physically threatening and it detrimentally interfered with her living conditions.

## FIRST CLAIM FOR RELIEF

**Federal Fair Housing Act-42 U.S.C. §3601 et seq – Disability Discrimination**

43. Plaintiff realleges paragraphs 1 through 42 and incorporates them herein by reference.

44. Ms. Jay was at all relevant times a person with disabilities within the meaning of 42 U.S.C. §3601 et seq.

45. Defendants were aware of Ms. Jay's disabilities and requests for a reasonable accommodation.

46. Under the Fair Housing Act, it is unlawful to discriminate against any person in the provision of services or facilities in connection with a dwelling because of a handicap of that person. Discrimination also includes refusal to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

47. Defendants violated the Federal Fair Housing Act by failing to reasonably accommodate Ms. Jay's disability.

48. Defendants' failure to reasonably accommodate Ms. Jay's disabilities by issuing her a termination notice for having a walker on her porch prevented Ms. Jay from having equal use and full enjoyment of her home.

49. Ms. Jay has a claim for damages under 42 U.S.C. §3613.

50. Ms. Jay is entitled to her attorney fees pursuant to 42 U.S.C. §3613.

### SECOND CLAIM FOR RELIEF

**Federal Fair Housing Act-42 U.S.C. §3601 et seq – Hostile Living Environment**

51. Plaintiff realleges paragraphs 1 through 50 and incorporates them herein by reference.

52. By allowing a hostile sexual environment to continue in Plaintiff's tenancy and by coercing, intimidating, threatening and interfering with Plaintiff when she complained of this harassment, Defendants engaged in discriminatory housing practices in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3604 and 3617.

53. Ms. Jay has a claim for damages under 42 U.S.C. §§ 3604 and 3617.

54. Ms. Jay is entitled to her attorney fees pursuant to 42 U.S.C. §3613.

### THIRD CLAIM FOR RELIEF

**Federal Fair Housing Act-42 U.S.C. §3601 et seq – Interference, Coercion, Intimidation**

55. Plaintiff realleges paragraphs 1 through 54 and incorporates them herein by reference.

OREGON LAW CENTER
230 NE 2nd Ave. Suite F
Hillsboro, Oregon 97214
Ph: 503-640-4115/Fax: 503-640-9634

56. By issuing a "Notice of Lease Violation Warning Notice" on account of her having exercised or enjoyed her Fair Housing rights and thereby coercing, intimidating, threatening and interfering with Plaintiff, Defendants engaged in discriminatory housing practices in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. §3617.

57. Ms. Jay has a claim for damages under 42 U.S.C. §3617.

58. Ms. Jay is entitled to her attorney fees pursuant to 42 U.S.C. §3613.

## FOURTH CLAIM FOR RELIEF

### Negligence

59. Plaintiff realleges paragraphs 1 through 58 and incorporates them herein by reference.

60. Defendants owed Ms. Jay a duty to operate their affairs in a manner free from unlawful discrimination, to be familiar with state and federal laws, and to ensure that those laws are obeyed by their agents and employees. The special relationship of landlord and tenant creates a heightened duty between the parties.

61. Defendants negligently violated their duty to recognize their obligations under the law and to refrain from discrimination.

62. Defendants negligently violated their duty to provide a dwelling that was reasonably safe for Ms. Jay.

63. Defendants' violation of that duty is a result of negligence including, but not limited to, Defendants' failure to be familiar with state and federal anti-discrimination laws and failure to obey those laws.

64. It was foreseeable that Defendants' negligent conduct would cause Ms. Jay damages.

65. As a result of Defendants' negligence, Ms. Jay has suffered and continues to suffer severe emotional distress including, but not limited to, pain and suffering, loss of self-worth, depression,

anxiety, stress, and frustration, entitling her to compensatory economic and non-economic damages.

## DEMAND FOR JURY TRIAL

66. Plaintiff demands a trial by jury.

## IV.

## PRAYER FOR RELIEF

Based on the above, Plaintiff prays that this Court:

a. Assume jurisdiction over this matter;

b. Award Plaintiff compensatory and punitive damages from Defendants, jointly and severally, in an amount to be determined at trial, plus interest from the date of judgment on her Fair Housing and negligence claims;

c. Award Plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. §3613;

d. Award any other relief as this Court deems just and equitable.

Respectfully submitted this 4th day of May 2023.

OREGON LAW CENTER

/s/ Jamie Trinkle\
Jamie Trinkle, OSB #192463\
Carly Cripps, OSB #223860\
Edward Johnson, OSB #965737\
Of Attorneys for Plaintiff