**Heidi L. Mandt, OSB #953459**
**hmandt@williamskastner.com**
WILLIAMS KASTNER
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
Phone: (503) 228-7967
Fax: (503) 222-7261

*Attorneys for Defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman, and Dawn Cockrum*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PATSY JAY,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**GRAND MANAGEMENT SERVICES, INC., EVERGREEN GARDENS LIMITED PARTNERSHIP, JERRY MASCOLO, LEONDRA COLEMAN, and DAWN COCKRUM,**<br><br>　　　　　Defendants. | Case No.  3:23-cv-00656-SI<br><br>ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM |

　　　　COME NOW defendants GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM (collectively referred to as GMS unless otherwise indicated) who responds to Plaintiff's Complaint by admitting, denying

Page 1 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

and alleging as follows.

## INTRODUCTION

1. In response to Paragraph 1 of Plaintiff's Complaint, GMS admits that, at all times material herein, Patsy Jay was a resident of a property owned by defendant Evergreen Gardens Limited Partnership and managed by defendant Grand Management Services, Inc. GMS further admits that, at all material times, defendants Mascolo, Coleman and Cockrum were employed by GMS. GMS denies the remaining allegations contained in Paragraph 1.

## JURISDICTION

2. GMS admits jurisdiction as set forth in Paragraph 2 of Plaintiff's Complaint.

3. GMS admits Paragraph 3 of Plaintiff's Complaint.

## VENUE

4. GMS admits that venue is proper in the United States District Court for the District of Oregon, Portland Division as alleged in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5. GMS admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. GMS admits that, at all times material herein, it has served as property manager for the Evergreen Garden Apartments as alleged in Paragraph 6 of Plaintiff's Complaint.

7. Based on information and belief, GMS admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. GMS admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. GMS admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. GMS admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

Page 2 -  ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## FACTUAL ALLEGATIONS

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are directed at a defendant other than GMS and therefore no response is required. To the extent a response is required, GMS admits that the Evergreen Garden Apartments is financed through the U.S. Department of Agriculture Rural Development multifamily housing program and subject to the Fair Housing Act.

12. GMS admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. GMS admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. GMS has insufficient information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. GMS has insufficient information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. In response to the allegations contained in Paragraph 16 of Plaintiff's Complaint, GMS admits only that it was made aware of Plaintiff's allegations of sexual assault made against another resident of the Evergreen Garden Apartments. Based on subsequently obtained information, GMS has insufficient information to admit or deny whether the alleged assault occurred and, therefore, denies the same.

17. In response to the allegations contained in Paragraph 17 of Plaintiff's Complaint, GMS admits only that it was made aware that Plaintiff's allegations of sexual assault were reported to the Tillamook Police Department and to defendant Leondra Coleman, the onsite property manager for the Evergreen Garden Apartments. Based on subsequently obtained information, GMS has insufficient information to admit or deny whether the alleged

Page 3 - ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

assault occurred and, therefore, denies the same.

18. In responding to the allegations contained in Paragraph 18 of Plaintiff's Complaint, GMS admits that it has been made aware of other tenants' concerns with respect to tenant John McKnight's behalf. Otherwise, GMS has insufficient information to admit or deny the remaining allegations contained in Paragraph 18 and therefore denies the same.

19. GMS admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. GMS has insufficient information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21. In response to the allegations contained in Paragraph 21 of Plaintiff's Complaint, GMS admits that it was provided a copy of a Protective Order obtained by plaintiff against John McKnight. GMS has insufficient information to admit or deny the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. GMS has insufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

23. In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint GMS and defendant Coleman admit only that plaintiff made at least one report of concerns with John McKnight's behalf to defendant Coleman. GMS denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint, GMS and defendant Mascolo admit only that plaintiff made at least one report of concerns with John McKnight's behavior to Portfolio Manager/defendant Mascolo. GMS denies the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

Page 4 - ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

25. GMS denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, GMS states that the rental agreement speaks for itself and denies Paragraph 26 to the extent it contradicts the language of the rental agreement. GMS denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. GMS has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same.

28. In responding to the allegations contained in Paragraph 28 of Plaintiff's Complaint, GMS admits only that plaintiff was issued a 14-day NOTICE OF INTENT TO EVICT on August 20, 2021. The Notice sets forth the behavior/events giving rise to the Notice. The document otherwise speaks for itself and GMS denies Paragraph 28 to the extent it contradicts the language of the Notice. GMS denies the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. GMS denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. In responding to the allegations contained in Paragraph 30 of Plaintiff's Complaint, GMS admits that it received plaintiff's handwritten objections to the Notice of Intent to Evict on August 27, 2021. The letter otherwise speaks for itself and GMS denies the remaining allegations to the extent Paragraph 30 contradicts or mischaracterizes the language of the letter.

31. GMS denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. GMS admits the allegations contained in Paragraph 32 of Plaintiff's Complaint.

/ / /

Page 5 - ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7777186.1

33. In responding to the allegations contained in Paragraph 33 of Plaintiff's Complaint, GMS admits that a follow up letter was sent to plaintiff by defendant Cockrum on or about September 1, 2021. The September 1, 2021, letter speaks for itself and GMS denies remaining allegations to the extent Paragraph 33 contradicts, misstates or mischaracterizes the language of the letter.

34. GMS has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.

35. GMS admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. In responding to the allegations contained in Paragraph 36 of Plaintiff's Complaint, GMS admits that plaintiff was issued a NOTICE OF LEASE VIOLATION/WARNING NOTICE on or about March 28, 2023. The Notice letter speaks for itself and GMS denies remaining allegations to the extent Paragraph 36 contradicts, misstates or mischaracterizes the language of the notice.

37. GMS denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. GMS admits the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Paragraph 39 of Plaintiff's Complaint contains no factual allegations requiring a response.

40. GMS denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. GMS denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. GMS denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

///

///

Page 6 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## FIRST CLAIM FOR RELIEF

### Federal Fair Housing Act – 42 U.S.C. §3601 *et seq.* – Disability Discrimination

43. To the extent Paragraph 43 of Plaintiff's Complaint contains any allegations, GMS reasserts its responses to Paragraphs 1-42 above as if set forth fully herein.

44. Paragraph 44 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS. To the extent a response is request, GMS has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 and, therefore, denies the same.

45. Paragraph 45 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS. To the extent a response is request, GMS has insufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 and, therefore, denies the same.

46. Paragraph 46 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

47. GMS denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. GMS denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Paragraph 49 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

50. Paragraph 50 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

/ / /

/ / /

Page 7 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7777186.1

## SECOND CLAIM FOR RELIEF

### Federal Fair Housing Act – 42 U.S.C. § 3601 – Hostile Environment

51.     To the extent Paragraph 51 of Plaintiff's Complaint contains any allegations, GMS reasserts and incorporates its responses to Paragraphs 1-50 above as if set forth fully herein.

52.     GMS denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Paragraph 53 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

54.     Paragraph 54 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

## THIRD CLAIM FOR RELIEF

### Federal Fair Housing Act – 42 U.S.C. § 3601 *et seq* – Interference, Coercion, Intimidation

55.     To the extent Paragraph 55 of Plaintiff's Complaint contains any allegations, GMS reasserts and incorporates its responses to Paragraphs 1-54 above as if set forth fully herein.

56.     GMS denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Paragraph 57 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

58.     Paragraph 58 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

/ / /

/ / /

Page 8 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## FOURTH CLAIM FOR RELIEF

### Negligence

59. To the extent Paragraph 59 of Plaintiff's Complaint contains any allegations, GMS reasserts and incorporates its responses to Paragraphs 1-58 above as if set forth fully herein.

60. Paragraph 60 of Plaintiff's Complaint contains no factual allegations requiring a response from GMS.

61. GMS denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. GMS denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. GMS denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. GMS denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. GMS denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

66. No response is required to Paragraph 66 of Plaintiff's Complaint.

67. Unless specifically admitted herein, GMS denies the allegations contained in Plaintiff's Complaint, generally, specifically and the whole thereof.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

BY WAY OF FURTHER ANSWER AND DEFENSE, GMS states that it has not yet had a full opportunity to conduct a complete inquiry into the facts underlying the suit, but based upon knowledge, information, and belief, wishes to interpose the following affirmative defenses, some or all of which may ultimately be supported by facts revealed in discovery and investigation of this case. By asserting such affirmative defenses, GMS does not admit any

Page 9 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

responsibility or liability for the damages claimed by Plaintiff.

1. Each purported cause of action asserted by Plaintiff fails to state a cause of action upon which relief can be granted.

2. Plaintiff's damages, if any, were caused or contributed to by the acts of third parties for which GMS is not responsible.

3. Plaintiff failed to exercise reasonable care on her own behalf to avoid the alleged damages.

4. Plaintiffs alleged damages were proximately caused by the fault or negligence of plaintiff in one or more of the following ways:

   a. In failing to comply with, in whole or in part, the terms and conditions of the rental agreement entered into and which controls the parties' relationship;

   b. In failing to comply with, in whole or in part, the rules and regulations applicable to the premises; and/or

   c. In interacting, or continuing to interact, with tenant John McKnight despite the knowledge of his alleged abusive behavior towards other residents of the apartment complex, including that which plaintiff contends to have occurred in her own living space.

5. GMS is entitled to an apportionment of fault among all persons or entities contributing in any degree to the alleged damages, and GMS should only be responsible for its proportional share of liability or damages, if any.

6. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

7. Plaintiff's damages, if any, were caused by an intervening and superseding cause or act for which GMS is not responsible.

8. Plaintiff failed to mitigate her damages, if any.

9. Plaintiff's claims are barred by the doctrine of laches.

Page 10 - ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## RESERVATION OF RIGHTS

GMS is presently unaware whether it may have additional, as yet unstated defenses. GMS hereby reserves all rights under the law to assert in the future additional affirmative defenses to the Complaint as they become known to GMS during the course of the litigation.

GMS further reserves its rights to assert future cross-claims, counterclaims, and/or third-party claims herein, if any, as they become known to GMS during the course of the litigation. GMS further reserves its rights to seek joinder of third parties as the interests of justice may dictate and/or the facts of this lawsuit may justify.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint, defendants GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM respectfully pray the Court as follows:

1. That plaintiffs' Complaint be dismissed with prejudice;

2. That plaintiffs recover nothing by way of their Complaint against defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman and Dawn Cockrum; and,

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 11 -   ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

3. That the Court award defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman and Dawn Cockrum any further relief as the Court may deem just and equitable.

DATED this 21st day of July 2023.

>WILLIAMS KASTNER
>
>By: */s/ Heidi L. Mandt*
>   Heidi L. Mandt, OSB #953459
>   Email: hmandt@williamskastner.com
>   1515 SW Fifth Ave., Suite 600
>   Portland, OR 97201
>   Phone: (503) 228-7967
>*Attorneys for Defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman, and Dawn Cockrum*

Page 12 -  ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM

7777186.1

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

## CERTIFICATE OF SERVICE

I certify that I served the foregoing **ANSWER OF DEFENDANTS GRAND MANAGEMENT SERVICES, INC., JERRY MASCOLO, LEONDRA COLEMAN and DAWN COCKRUM** via the USDC ECF service on the parties below on this 21st day of July 2023:

*Attorneys for Plaintiff:*

Jamie Lauren Trinkle
Oregon Law Center
230 NE 2nd Ave, Suite F
Hillsboro, OR 97124
Email: jtrinkle@oregonlawcenter.org

Carly Cripps
4937 S Corbett Ave.
Ste Apt. 6
Portland, OR 97239
Email: ccripps@oregonlawcenter.org

Edward Johnson
Oregon Law Center
State Support Unit
522 SW Fifth Ave. #812
Portland, OR 97204
Email: ejohnson@oregonlawcenter.org

*Attorneys for Defendant Evergreen Gardens:*

Nathan B. McClintock, OSB No. 841520
Corrigall & McClintock
PO Box 1178
936 Central Avenue
Coos Bay, OR 97420
Email: nmcclintock@epuerto.com

WILLIAMS KASTNER

By  *s/ Heidi L. Mandt*
    Heidi L. Mandt, OSB #953459
    hmandt@williamskastner.com

*Attorneys for Defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman, and Dawn Cockrum*

Page 1 -    CERTIFICATE OF SERVICE

7777186.1

Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967