UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PATSY JAY,<br><br>    Plaintiff,<br><br>v.<br><br>GRAND MANAGEMENT SERVICES, INC., EVERGREEN GARDENS LIMITED PARTNERSHIP, JERRY MASCOLO, LEONDRA COLEMAN, and DAWN COCKRUM,<br><br>    Defendants. | Case No. 3:23-cv-00656-SI<br><br>**STIPULATED PROTECTIVE ORDER** |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for

admission, or deposition testimony. This action concerns Plaintiff's claims against Defendants, her landlords, for violations of the Fair Housing Act, including claims for Disability Discrimination, Hostile Living Environment and "Interference, Coercion, Intimidation," as well as a state law negligence claim. The scope of a landlord's liability for tenant-on-tenant harassment is contested, with some courts holding that landlords can only be liable for harassment when they have "substantial control" over the harasser and premises, and other courts recognizing liability when the landlord knew or should have known of the harassment, had the power to take some corrective action, and failed to do so. See *Johnson v. Brenneke*, 2022 U.S. Dist. LEXIS 61098 (D. Or. Feb. 23, 2022). Plaintiff also seeks punitive damages, which require proof that Defendants' conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. Central to Plaintiff's claims is evidence that Defendants knew about previous tenant complaints of harassing behavior by John McKnight, how Defendants responded to those complaints, and that Defendants responded to Plaintiff's and past tenants' complaints with discriminatory intent.

The parties expect to exchange documents and information related to: current and former tenants of Evergreen Gardens of a personal and sensitive nature; and, the employment and/or tenancy of individuals formerly associated with Defendant Grand Management Services, Inc. ("GMS") and/or Evergreen Gardens that are not parties to this litigation. Defendant GMS is willing to provide these materials for inspection and review only under a Protective Order upon

Page 2   STIPULATED PROTECTIVE ORDER   **Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

the stated terms and conditions of this Order. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case only if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

Page 3   STIPULATED PROTECTIVE ORDER

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

4.      If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

or

> ATTORNEYS' EYES ONLY
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Attorneys' Eyes Only," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Attorneys' Eyes Only," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5.      Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys'

Page 4    STIPULATED PROTECTIVE ORDER

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

Eyes Only" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therfrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

    a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

    b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

    c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

    d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent

Page 5    STIPULATED PROTECTIVE ORDER    **Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

necessary to further the interest of the parties in this litigation.

  e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

  f. The authors and the original recipients of the documents.

  g. Any court reporter or videographer reporting a deposition.

  h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

8. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 7(a), 7(b), 7(d), 7(e), 7(g) and 7(h), unless additional persons are stipulated by counsel or authorized by the Court.

9. Prior to being shown any documents produced by another party marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraphs 7 and 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. Each party reserves the right to dispute the "Confidential" or "Attorneys' Eyes Only" status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating

Page 6 STIPULATED PROTECTIVE ORDER **Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

12. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

13. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute,

Page 7 STIPULATED PROTECTIVE ORDER

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

14.  Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request.

Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

15.  This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

16.  Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Page 8   STIPULATED PROTECTIVE ORDER

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

17. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

IT IS SO STIPULATED this 17th day of April 2024.

| OREGON LAW CENTER | WILLIAMS KASTNER |
|---|---|
| By: /s/ Jamie Trinkle<br>Jamie Trinkle, OSB #192463<br>Email: jtrinkle@oregonlawcenter.org<br>Carly Cripps, OSB #223860<br>Email: ccripps@oregonlawcenter.org<br>Edward Johnson, OSB #965737<br>Email: ejohnson@oregonlawcenter.org<br>Emily Rena-Dozier, OSB #134674<br>Email: erena-dozier@oregonlawcenter.org | By: /s/ Heidi L. Mandt<br>Heidi L. Mandt, OSB #953459<br>Email: hmandt@williamskastner.com<br><br>*Attorneys for Defendants Grand Management Services, Inc., Jerry Mascolo, Leondra Coleman, and Dawn Cockrum* |

*Attorneys for Plaintiff Patsy Jay*

CORRIGALL & McCLINTOCK

By: /s/ Nathan B. McClintock
    Nathan B. McClintock, OSB #941520
    Email: nmcclintock@epuerto.us

*Attorney for Defendant Evergreen Gardens Limited Partnership*

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

_____
Judge Michael Simon

Page 9   STIPULATED PROTECTIVE ORDER   Williams Kastner
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1

# EXHIBIT A

I, _____, certify, agree and affirm that I have read the Stipulated Protective Order dated _____, 2024, entered by the United States District Court, District of Oregon in the matter of *Patsy Jay v. Grand Management Services, Inc., Evergreen Gardens Limited Partnership, Jerry Mascolo, Leondra Coleman and Dawn Cockrum*, Case No. 3:23-cv-00656-SI. I further certify that I fully understand the procedural and substantive requirements of that Stipulated Order, a copy of which is attached hereto.

Before reviewing or receiving access to any document, transcript, testimony, information and/or other materials subject to the protection of that Order, and as a condition for such disclosure, review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Order. I hereby subject myself to the personal jurisdiction and venue of the United States District Court, District of Oregon, for purposes of enforcement of the Order.

DATED This _____ day of _____, 2024.

_____

Name: _____
Title: _____

Page 10   STIPULATED PROTECTIVE ORDER

**Williams Kastner**
1515 SW Fifth Avenue, Suite 600
Portland, OR 97201-5449
(503) 228-7967

7872207.1